# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MONIQUE L. WILKERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 12-2779-KHV |
| KELLOGG COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Monique L. Wilkerson brought suit against her former employer and supervisors alleging employment discrimination under Title VII, 42 U.S.C § 2000e et seq. and the Kansas Act Against Discrimination ("KAAD"), K.S.A. § 44-1001 et seq. On March 13, 2014, the Court sustained defendants' motion for summary judgment. See Memorandum And Order (Doc. #51). This matter is before the Court on plaintiff's Motion For Leave To Proceed [On Appeal] Without Prepayment Of Fees (Doc. #54) filed April 14, 2014.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees by a person who lacks financial means. In so doing, the court considers the affidavit of financial status included with the application. See id. In construing the application and affidavit, courts generally compare an applicant's monthly expenses to monthly income. See Patillo v. N. Am. Van Lines, Inc., No. 02-2162, 2002 WL 1162684, at *1 (D. Kan. Apr. 15, 2002); Webb v. Cessna Aircraft, No. 00-2229, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000) (denying motion because plaintiff had monthly income exceeding her monthly expenses by approximately $600).

When a party seeks to appeal in forma pauperis, Rule 24, Federal Rules of Appellate Procedure directs that the party file such motion in the district court. The party must provide an affidavit which sets out (1) the amount and sources of income; (2) employment history; (3) cash on hand and bank account balances; (4) assets including homes and motor vehicles; (5) money owed to the party; (6) individuals who rely on the party for financial support; (7) average monthly expenses and (8) attorney's fees paid in connection with the case.

In her supporting financial affidavit, plaintiff indicates that she owns a modest home with a small mortgage. Plaintiff and her spouse are unemployed; they currently live on monthly disability benefits. Plaintiff enumerates reasonable monthly expenses including utilities, telephone, insurance, gas, groceries and medical costs. These expenses exceed plaintiff's monthly income by over $500. Considering all of this information, the Court finds that plaintiff has established that her access to the Courts would be seriously impaired if she is not granted in forma pauperis status. Under these circumstances, the Court finds that plaintiff's motion should be sustained.

**IT IS THEREFORE ORDERED** that plaintiff's <u>Motion For Leave To Proceed [On Appeal] Without Prepayment Of Fees</u> (Doc. #54) filed April 14, 2014 be and hereby is **SUSTAINED**.

Dated this 24th day of April, 2014, at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge
